DANIEL G. BOGDEN
United States Attorney
District of Nevada
BRIAN R. YOUNG
ANNA G. KAMINSKA
Trial Attorneys
1400 New York Avenue, NW
Washington, DC 20530
(202) 616-3114



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) 2:13-cr-00439-LDG-VCF |
| vs. | ) JOINT PROPOSED COMPLEX CASE SCHEDULE |
| ANTHONY BRANDEL, JOSEPH MICELLI, JAMES WARRAS, SEAN FINN, MARTIN SCHLAEPFER, and HANS-JURG LIPS, | ) |
| Defendants. | ) |

Pursuant to LCR 16-1(a)(2) of the Local Rules of Practice for the District of Nevada, the United States, by and through the Criminal Division of the Department of Justice, and defendants Anthony Brandel, Joseph Micelli, and James Warras, by and through the undersigned counsel, submit this Proposed Complex Case Schedule.

### STATEMENT OF INTENT

The purpose of the Proposed Complex Case Schedule is to provide a predictable framework for pre-trial disclosure of information, to establish a method for resolution of discovery disputes without the need for Court intervention, and to provide a means for the well-informed and efficient resolution of cases. This Proposed Complex Case Schedule is not

1

intended to create remedies not otherwise available to the parties under the U.S. Constitution, statute or the Federal Rules of Criminal Procedure. Nor is it intended to serve as a basis for allegations of misconduct or other claims for relief.

## BACKGROUND

The indictment in this case, which was returned on December 11, 2013, alleges that six defendants perpetrated a fraudulent investment scheme and charges counts of conspiracy, wire fraud, and securities fraud. Three of the defendants – Anthony Brandel, Joseph Micelli, and James Warras – have made their initial appearances and were released on bond. In March of 2014, defendant Sean Finn was arrested in Canada and is presently being detained in that country. The remaining defendants – Martin Schlaepfer and Hans-Jurg Lips – are Swiss nationals who are believed to be residing in Switzerland.

## DISCOVERY SCHEDULE

A. Productions to date.

As of this filing, the United States has made three productions of discovery comprised of approximately 161,146 documents consisting of approximately 468,072 pages and images. The United States produced these materials in electronically searchable files in rolling productions on January 6, 2014, March 10, 2014, and June 17, 2014. Though the government's production included bank records, FBI 302 reports, and documents provided by investors, the bulk of the production consisted of emails seized from the defendants' email accounts pursuant to warrants and electronic documents seized from Mssrs. Brandel's and Warras's computers. In an attempt to ease the defendants' review burden, on June 17, 2014, the government identified 190 "hot documents," which were previously-produced documents that government counsel views as the most significant documents in the case.

B. Future productions.

The government represents that it has made almost all of its discovery productions but needs to make a fourth production consisting of two categories of documents. The first category of documents consists of email correspondence that was originally identified as potentially privileged by a government "taint" reviewer who reviewed the defendants' seized email accounts. The "taint" attorney intends to return to each individual defendant emails taken from that defendant's email account which appear to be privileged. Additionally, the "taint" attorney intends to produce to all three defendants a number of email communications that he reviewed for privilege and determined not to be privileged. The second category of documents consists of 771 pages of materials that, for the most part, were recently acquired by the government. Included in these materials are newly-acquired bank records, subscriber information for an email account registered to Mr. Warras, FBI 302 reports for recently interviewed witnesses, and some administrative documents taken from the FBI's case file on this matter. The United States represents that it will make this production by July 14, 2014 but will meet and confer with defense counsel if for some reason it cannot meet this deadline.

Hence, the parties anticipate that the United States will complete production of discoverable items within its possession by July 14, 2014. Because the United States's investigation and trial preparation are ongoing, it reserves the right to make supplemental productions of newly-acquired documents pursuant to Fed. R. Crim. P. 16(c).

CASE MANAGEMENT SCHEDULE

The parties have agreed to and proposed the following dates:

December 1, 2014: The defendants have requested disclosure of discovery under Rule 16(a)(1)(E) and the government has requested reciprocal discovery. If the government complies with the defendants' discovery requests, defendants shall disclose all documents, objects, and

3

reports of examination required under Rules 16(b)(1)(A) and (B) of the Federal Rules of Criminal Procedure by December 1, 2014. On or before December 1, 2014, the defendants will provide notice of any defenses pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

<u>December 15, 2014.</u> All parties will provide their initial round of expert disclosures as required under Rules 16(a)(1)(G) and (b)(1)(C) of the Federal Rules of Criminal Procedure (the parties may designate rebuttal experts by January 16, 2015).

<u>January 16, 2015</u>: All parties will file pretrial motions. The opposing party shall have up to and including 14 days from the date of filing to respond and the moving party may have up to and including seven days to reply. All parties will make disclosures for rebuttal experts as required under Rules 16(a)(1)(G) and (b)(1)(C) of the Federal Rules of Criminal Procedure. The parties will disclose any summaries, charts, demonstratives, or calculations that will be offered at trial. The parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered at trial.

<u>30 days before trial</u>: the government will disclose any statements of witnesses under Title 18, United States Code, Section 3500 and will disclose any reports of memoranda of interviews of witnesses the government intends to call in its case-in-chief. The defendants will disclose any statements of witnesses the defendants intend to call at trial.

<u>March 31, 2015</u>: Calendar call. The parties will file proposed jury instructions, proposed voir dire questions, and exhibit lists. Government counsel shall submit a copy of the government's trial brief (marked confidential) to the trial judge. The original of the government's trial brief shall be filed in open court and a copy served upon defense counsel. Defense counsel may file a trial brief. Should defense counsel elect to file a trial brief, the same shall be filed and served upon government counsel prior to the defense commencing its side of the case. Any and all plea bargaining shall be accomplished and any bargain arrived at shall be

reduced to writing and presented to the Court at or prior to the time set for calendar call. Thereafter, the change of plea hearing will be set at the Court's convenience.

<u>April 6, 2015 (or the closest in time trial stack)</u>: first day of jury trial.

### DUTY TO DISCLOSE INTENT TO WITHHOLD DISCLOSURE

Any party withholding the disclosure of items subject to this Proposed Complex Case Schedule will provide notice to the other party of the intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure.

### LIMITATIONS

The parties agree that the disclosure deadlines set forth above apply to those objects, documents, items, and other disclosure matters that are in the possession, custody, or control of the parties at the time the obligation to disclose arises. Nothing in this agreement is intended to relieve either party of the continuing duty to provide disclosures up to and through trial as to any matters required to be disclosed by statute, rule, or the United States Constitution. Further, nothing in this agreement is intended to limit, or in any way affect, the determination of admissibility of evidence at trial or otherwise restrict or expand the remedies available to the Court for any breach of disclosure obligations as set forth in Rule 16(d).

### SPEEDY TRIAL ACT

The parties agree that all time starting with the filing of this Proposed Complex Case Schedule shall be excluded under the Speedy Trial Act and will submit a joint stipulation on this matter.

/s Brian R. Young
BRIAN R. YOUNG
Trial Attorney
U.S. Department of Justice

1  /s Anna G. Kaminska
   ANNA G. KAMINSKA
2  Trial Attorney
   U.S. Department of Justice
3
   /s Brian J. Smith
4  BRIAN J. SMITH
   GABRIEL L. GRASSO
5  Attorneys for defendant Anthony Brandel

6  /s Jason R. Margolis
   JASON R. MARGOLIS
7  Counsel for defendant Joseph Micelli

8  /s Raquel Lazo
   RAQUEL LAZO
9  Counsel for defendant James Warras

## ORDER

IT IS SO ORDERED this 21 day of August 2014

_____
UNITED STATES MAGISTRATE JUDGE
CAM FERENBACH